CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 30 2013

JULIA C. ___, CLERK
BY: ___
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MILTON BRANHAM, | ) | CASE NO. 7:13CV00430 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | |
| | ) | |
| LYNCHBURG ADULT DETENTION CENTER, | ) | |
| | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

Milton Branham, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that jail officials used excessive force against him and housed him under hazardous conditions, in violation of his constitutional rights. Upon review of the record, the court finds that the action must be summarily dismissed.

## Background

In his complaint and other submissions, Branham alleges the following sequence of events on which he bases his claims. On August 28, 2013, Branham was an inmate at the Lynchburg Adult Detention Center ("the jail"). Two officers removed Branham from his cell and placed him in "isolation." (ECF No. 4, at 2.) When Branham began kicking his door, the officers ordered him to give them his shoes. He told them, "F--- you, come and get them." (Id.) The officers then entered the cell and sprayed Branham with mace. He still refused to give them his shoes. After being closed in the contaminated cell for half an hour, Branham began to have trouble breathing and kicked the door again. Thirty minutes later, an officer came to the door. Branham threatened to kill himself. Officers removed him from the cell, put him in the shower, and then placed him in a different cell on suicide watch.

Early on August 28, 2013, officers told Branham that they needed to move him and placed him in a different cell under suicide watch. Five minutes later, they also placed another suicide watch inmate in the cell with Branham. Branham threatened to kill the other inmate, but the officers left anyway. The two inmates remained in the cell together all that day and overnight, naked, with no running water. Around noon on August 30, 2013, mental health staff met with Branham and took him off suicide watch. He was allowed another shower and returned to his housing unit.

## Discussion

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). The jail, the only defendant Branham has named as a defendant to this action, is not a "person" subject to suit under § 1983. Preval v. Reno, 203 F.3d 821, 2000 WL 20591, at *1 (4th Cir. Jan. 13, 2000) (unpublished) (quoting Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989)); McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890, 893-94 (E.D. Va. 1992) (finding city jail immune from suit and not a person for purposes of § 1983).

Because Branham cannot prevail in a § 1983 claim against the jail, the court dismisses his complaint without prejudice, pursuant to § 1915A(b)(1), as legally frivolous.[1] An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 30th day of September, 2013.

                                                          _/s/_
                                           Chief United States District Judge

---

[1] The court also finds that Branham's current allegations fail to state a constitutionally significant claim against anyone at the jail. From the circumstances Branham describes, officers used only that measure of force necessary to maintain order in the face of Branham's admitted misbehavior. See Whitley v. Albers, 475 U.S. 312, 319 (1986) ("only the unnecessary and wanton infliction of pain on prisoners constitutes cruel and unusual punishment" in violation of the Eighth Amendment) (internal quotations omitted). Similarly, because Branham does not allege suffering any significant injury as a result of being housed with the other suicide watch inmate for two days, this incident does not give rise to any constitutional claim regarding prison conditions. See Shakka v. Smith, 71 F.3d 162, 166 (4th Cir.1995) (stating that claim of unconstitutional prison conditions requires "evidence of a serious or significant physical or emotional injury resulting from the challenged conditions").